UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES EMORY JONES, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. Action No. TDC-17-0006
Civil Action No. TDC-23-1860

**MEMORANDUM OPINION**

Petitioner James Emory Jones, Jr. has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 in which he collaterally attacks his conviction under 18 U.S.C § 922(g)(1) based on the argument that the statute is unconstitutional under the Second Amendment to the United States Constitution. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the § 2255 Motion will be DISMISSED.

**BACKGROUND**

On September 20, 2017, Jones pleaded guilty, in accordance with a plea agreement, to Possession with Intent to Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). On April 11, 2018, the Court sentenced Jones to 126 months of imprisonment on the drug charge and 120 months on the firearm charge, with the sentences to run concurrently, for a total term of imprisonment of 126 months. Having waived his right to appeal in the plea

agreement, Jones filed no direct appeal. On April 11, 2019, Jones filed a "Motion to Vacate Judgment for Lack of Court's Personal and Subject Matter Jurisdiction in the Nature of Habeas Corpus," which the Court construed as a Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255 ("the First § 2255 Motion"), which was assigned Civil No. TDC-19-1070. ECF No. 438. In an Amended § 2255 Motion filed on May 22, 2019, Jones identified specific grounds for relief, which consisted of lack of jurisdiction, the lack of a knowing and voluntary guilty plea, and ineffective assistance of counsel. ECF No. 465. After the Government opposed the First § 2255 Motion, Jones filed a Reply in which he briefed the original arguments and asserted a new argument: that the Government did not prove that he knew that he had been convicted of a crime punishable by a term of imprisonment of more than one year, as required by the United States Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On June 9, 2020, the Government filed a Consent Motion to Hold the § 2255 Motion in Abeyance and Suspend Briefing, ECF No. 554, asking that the Court wait for full resolution of the appeal of *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), in which the United States Court of Appeals for the Fourth Circuit had held that a defendant whose judgment was entered prior to *Rehaif* was entitled to the vacating of his guilty plea because the failure to inform him of the element identified in *Rehaif* was a structural error. *See id.* at 200-01. The Court granted the Government's Motion as to the *Rehaif* issue and granted leave to Jones to file a supplement to the First § 2255 Motion addressing that issue, which Jones submitted on June 12, 2020. ECF No. 556. On August 14, 2020, the Court issued a memorandum opinion fully addressing the other arguments asserted in the First § 2255 Motion, denying the First § 2255 Motion as to all of those grounds, and staying it as to the remaining *Rehaif* argument. *See Jones v. United States*, No. TDC-17-0006, 2020 WL 4732136, at *6 (D. Md. Aug. 14, 2020).

2

On June 14, 2021, the Supreme Court reversed *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021), with which *Gary* was consolidated, holding that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. Because Jones's argument under *Rehaif* was foreclosed by *Greer*, Jones filed a Notice of Dismissal of the remaining argument in the First § 2255 Motion, ECF No. 628, and on September 21, 2021, the Court granted that dismissal and closed Civil No. TDC-19-1070. ECF No. 629.

On July 10, 2023, Jones filed the present Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("the Second § 2255 Motion"), designated as Civil No. TDC-23-1860, in which he argues for the first time that his conviction under 18 U.S.C. § 922(g)(1) should be vacated because the statute is unconstitutional under the Second Amendment.

I.     **Legal Standard**

A federal prisoner may file a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, a hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Second or Successive Motion

As a threshold issue, the Government argues that the Court must dismiss the Second § 2255 Motion because it is a second or successive § 2255 motion and may not be considered unless, as required by 28 U.S.C. § 2255(h), Jones has first obtained authorization from the Fourth Circuit to file it. If a prisoner has previously attacked his conviction or sentence by filing a § 2255 motion, the prisoner "may not file another except under very limited circumstances." *Lester v. Flournoy*, 909 F.3d 708, 710 (4th Cir. 2018). A second or successive motion must first be certified by the relevant United States Court of Appeals as containing either "newly discovered evidence that, if proven . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The appeals court may authorize a second or successive § 2255 motion only if the applicant makes a *prima facie* showing that it falls within one of these two categories. *See In re McNeill*, 68 F.4th 195, 200 (4th Cir. 2023). Without pre-filing authorization from the relevant appeals court, a district court lacks jurisdiction to hear a second or successive § 2255 motion and must dismiss it. *See United States v. Winestock*, 340 F.3d 200, 205, 208 (4th Cir. 2003); *United States v. Reid*, No. 22-6701, 2022 WL 4482063, at *1 (4th Cir. Sept. 27, 2022).

Notably, a procedural dismissal or a voluntary dismissal of a § 2255 motion prior to consideration of the merits will not render a later filed § 2255 motion a second or successive one subject to the pre-filing certification requirement. *See Jackson v. United States*, 245 F. App'x 258, 259 (4th Cir. 2007); *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (holding that

"second or successive status only attaches to a judgment on the merits"); *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999) (holding that in order for a § 2255 motion to be second or successive, it "must have been denied on the merits"); *cf. Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (stating that a § 2254 federal habeas petition subject to a similar limitation is not a second or successive petition if "an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies").

Here, although Jones voluntarily dismissed the supplemental claim in the First § 2255 Motion asserting an argument based on *Rehaif*, the Court had already reviewed the arguments asserted in the original and amended versions of the First § 2255 Motion and issued a memorandum opinion denying those arguments on the merits. *See Jones*, 2020 WL 4732136, at *6. Where the First § 2255 Motion ended with a judgment on the merits on certain arguments, the Second § 2255 Motion must be deemed to be second or successive pursuant to 28 U.S.C. § 2255(h). Because Jones did not first seek authorization from the Fourth Circuit to file a second or successive § 2255 motion, the Court will dismiss the Second § 2255 Motion for lack of jurisdiction.

### III.  Timeliness

In the alternative, the Court finds that even if it could consider the Second § 2255 Motion, it would dismiss it as time-barred pursuant to 28 U.S.C § 2255(f), which provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The limitation applies to initial motions as well as successive motions. *See Dodd v. United States*, 545 U.S. 353, 359 (2005).

Here, it is beyond dispute that the Second § 2255 Motion, filed on July 10, 2023, was filed more than one year after the date on which the judgment of conviction became final. Where, as here, Jones did not file a direct appeal, his criminal conviction became final when the time for filing a notice of appeal expired. *See United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017). Because the Court entered judgment on April 17, 2018, and the 14-day period to file a notice of appeal ended on May 1, 2018, *see* Fed. R. App. P. 4(b)(1)(A)(i), the one-year limitations period ended on May 1, 2019, more than four years before the Second § 2255 Motion was filed.

Where the Second § 2255 Motion asserts the argument that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment, Jones arguably could claim that the one-year limitations period should run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court, however, has not held that § 922(g)(1) is unconstitutional, much less held that such a ruling is retroactively applicable to cases on collateral review. Construed liberally, Jones's Second § 2255 Motion could be deemed to argue that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which articulated a new standard for evaluating firearms regulations under the Second Amendment, effectively established such a newly recognized right. *See id.* at 2131–32. Even assuming that *Bruen* could be deemed to have established a newly

recognized right applicable to Jones's case, *Bruen* was decided on June 23, 2022, more than one year before Jones filed the Second § 2255 Motion on July 10, 2023. *See Dodd*, 545 U.S. at 357 (holding that the one-year period of § 2255(f)(3) runs from "the date on which the right . . . was initially recognized by" the Supreme Court). Thus, even upon consideration of § 2255(f)(3), Jones's Second § 2255 Motion is untimely. Thus, the Second § 2255 Motion is time-barred under any potentially applicable reading of 28 U.S.C. § 2255(f). Accordingly, even if the Court could consider the Second § 2255 Motion, it finds that it is time-barred. The Second § 2255 Motion will therefore be dismissed.

## IV.    Certificate of Appealability

Jones has no absolute entitlement to appeal a district court's dismissal of the § 2255 Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal the Court's dismissal of the Second § 2255 Motion, Jones must obtain a certificate of appealability. *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a § 2255 motion on procedural grounds without reaching the merits of the constitutional claim, a petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because Jones has made no such showing, this Court will not issue certificate of appealability. Jones may still seek such a certificate from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, Jones's Second § 2255 Motion will be DISMISSED as a second or successive motion and as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: December 12, 2023

THEODORE D. CHUANG
United States District Judge